UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Willie Branch-El, )
 )
      Plaintiff, ) Case: 1:16-cv-01379 (Jury Demand)
 ) Assigned To : Unassigned
v. ) Assign. Date : 6/29/2016
 ) Description: Pro Se Gen. Civil (F-Deck)
Karla Dee Clark *et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has submitted a Complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is incarcerated at the Federal Correctional Institution in Butner, North Carolina. He claims that his life sentence imposed by the Superior Court of the District of Columbia is illegal. Plaintiff seeks $10 million in damages "for this excessive sentence." Compl. at 6 (page number supplied).

Because plaintiff's success would necessarily invalidate his sentence, his claim under § 1983 is not "cognizable unless and until he meets the requirements of *Heck*" by having the sentence invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see also id.*, quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if

1

success in [the] action would necessarily demonstrate the invalidity of confinement or its duration'"). Nothing in the complaint suggests that plaintiff's sentence has been invalidated. Consequently, this action will be dismissed without prejudice to plaintiff's "rights to pursue his claims in an appropriate proceeding." *Harris*, 611 Fed. App'x at 2. A separate order accompanies this Memorandum Opinion.

/s/  
United States District Judge

Date: June 23, 2016